UNITED STATES DISTRICT COURT  **SEALED**
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIAM DOMENECH,<br>    a.k.a "Poppy,"<br>    a.k.a. "Pappy,"<br>    a.k.a. "Godfather,"<br><br>                  Defendant. | CRIMINAL NO. 14-183<br><br>FILED UNDER SEAL<br><br>**FILED**<br>AUG 2 9 2014<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

## STATEMENT OF FACTS

Were this case to proceed to trial, the United States of America (hereinafter "government") would prove the Defendant guilty at trial beyond a reasonable doubt. The government and the Defendant agree to the following:

1.    From in or about 2009 and up to and including February 20, 2013, in The Bahamas, the Dominican Republic, Colombia, Venezuela, Honduras, the United States and elsewhere, the Defendant, **William Domenech** (hereinafter, the Defendant) did unlawfully, knowingly, willfully, and intentionally conspire with others known and unknown to knowingly and intentionally distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, on board an aircraft registered in the United States; all in violation of Title 21, United States Code, Sections 959(b), 960(b)(1)(B)(ii), and 963, and Title 18, United States Code, Section 2.

2. The object of the conspiracy was to transport ton quantities of cocaine aboard aircraft registered in the United States from Venezuela to Honduras and the Dominican Republic, and then on to other nations, including The Bahamas.

3. Throughout the time frame of the charged conspiracy, the Defendant worked in association with drug traffickers from The Bahamas, Colombia, Venezuela, the Dominican Republic, the United States, and elsewhere, who were involved in the illegal trafficking of cocaine.

4. Throughout the time frame of the charged conspiracy, the Defendant's duties in the furtherance of the conspiracy included, but were not limited to, meeting with co-conspirators in the United States, The Bahamas, Colombia, Venezuela, and the Dominican Republic to discuss the details of the shipments of cocaine, and to provide money as an investment in the shipment of cocaine aboard a United States registered aircraft.

5. Specifically, in late 2009 or early 2010, the Defendant, along with his daughter Regina Domenech and Hurie Bodye, attempted to locate drug trafficking contacts, including those formerly known to the Defendant, in order to obtain cocaine for eventual importation into The Bahamas. The Defendant and Regina Domenech met with Miguel Rosa-Urena in the Dominican Republic about their interest in acquiring cocaine, and at the suggestion of Rosa-Urena, the Defendant and Regina Domenech traveled to Colombia and Venezuela and met with other individuals in an attempt to acquire cocaine for transport. Regina Domenech and Hurie Bodye then met with individuals about obtaining an aircraft, specifically approaching Karen Major about obtaining a United States registered aircraft to use in transporting drugs. The

Defendant then traveled to The Bahamas, where he knew a large amount of U.S. currency was gathered. The Defendant then traveled to the Dominican Republic with the money, where that U.S. currency was provided to Jose Contreras, who Rosa-Urena indicated could assist Regina Domenech and the Defendant in acquiring and transporting the cocaine. The Defendant knows Contreras from years ago in the Dominican Republic and assisted in introducing Regina Domenech to Contreras in the Dominican Republic. After the Defendant and others met with Contreras in the Dominican Republic, an agreement was eventually reached to transport cocaine from Venezuela to Honduras, of which Hurie Bodye would own part of the shipment of cocaine in exchange for his financial investment. The Defendant, along with other co-conspirators, assisted in acquiring a United States registered aircraft, a King Air 200, to transport the cocaine. Rosa-Urena, along with another pilot, agreed to fly this aircraft to Venezuela, pick up the cocaine, and fly the cocaine to Honduras. The Defendant knew the aircraft was registered in the United States at the time it was obtained and used to transport the drugs. In or about May 2010, Rosa-Urena and another pilot flew the aircraft to Venezuela, where the pilots remained for several days while the interior of the plane was reconfigured to carry a large load of cocaine. The aircraft was then loaded with approximately 1500 kilograms of cocaine and the pilots flew the cocaine laden aircraft from Venezuela to a clandestine landing strip in Honduras, where the aircraft was unloaded by armed men. As a result of his investment in this transport of drugs aboard a United States registered aircraft, Bodye received approximately 50 kilograms of cocaine delivered to The Bahamas.

6. This Statement of Facts does not purport to include all of the Defendant's illegal conduct during the course of his conspiracy. Nor does it purport to be an inclusive recitation of all that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or those of him co-conspirators. The Defendant acknowledges there are additional details about his involvement in the drug trafficking conspiracy that are not included in this statement. The purpose of this limited statement is to show that the Defendant is guilty of the crime to which he is pleading guilty. It represents enough information for the Court to find a factual basis for accepting the Defendant's guilty plea.

7. The above-described acts were in all respects intentional and deliberate, reflecting an intention to do something the law forbids, and were not in any way the product of any accident, mistake of law or fact, duress, entrapment or public authority defense. Furthermore, the Defendant is competent to understand the charges against him, this Agreement and Statement of Facts, and the advice of his attorney. He is entering into this Agreement with a full understanding of its meaning and effect.

8. This court has jurisdiction over the offense charged, venue is proper in the District of Columbia, and the evidence proves the Defendant's guilt beyond a reasonable doubt.

Respectfully submitted,

ARTHUR WYATT
CHIEF, NARCOTIC & DANGEROUS DRUG SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

Date: 8/22/2014          By: _____
                              Charles Miracle

Approved by:
Date: 8/22/2014          By: _____
                         For  Jerold McMillen
                              Deputy Chief

## DEFENDANT'S ACCEPTANCE

I have read this Agreement and have discussed it at length with my attorney Andrea Antonelli, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in the Agreement above.

Although my mental competency has been evaluated previously during this case, I fully understand the charges against me, this Agreement and the Statement of Facts, and the advice of my attorney. I am entering into this Agreement with a full understanding of its meaning and effect.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

_____       _____8/29/14_____
William Domenech                                            Date
Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant, the Defendant's rights and the applicable provisions of the Sentencing Guidelines and statutory penalties. I have carefully reviewed every part of this Agreement with the Defendant. I believe the Defendant is fully competent to understand all the provisions of this Agreement, the charges against him, and my advice. The Defendant is entering into this Agreement voluntarily, intelligently and with full knowledge of all consequences of the Defendant's plea of guilty.

_____       _____8/29/14_____
Andrea Antonelli, Esq.                                        Date
Attorney for Defendant